NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES AIELLO, PETITIONER, v. BOROUGH OF VERONA
AND HARTFORD ACCIDENT AND INDEMNITY CO., RE-
SPONDENT.

Decided March 18, 1940.

For the petitioner, *David Roskein.*

For the respondent, *Reginald V. Spell* (by *John V. Fiore*).

\*        \*        \*        \*        \*        \*        \*

From the testimony adduced at the trial of this cause, and the stipulations of counsel, I hereby find and determine as follows:

That the petitioner, James Aiello, was, on July 5th, 1938, in the employ of the respondent as a police officer, whose duties, among other things, required the operation of a motorcycle which was owned and furnished him by the respondent. On the day in question, about one-thirty P. M. he was operating the said motorcycle in the course of his duties on Bloomfield avenue, in the borough of Verona, when he was summoned by Director Frank Duffy of the rescue squad to follow him to the firehouse of the borough of Verona where the said squad maintained and stored its truck or ambulance. He thereupon proceeded to accompany the said squad which was responding to an emergency call, and in so doing, and while operating his motorcycle, was involved in an accident with an automobile as a result of which he was thrown from

his vehicle through the glass window of the said automobile with which he collided. The petitioner was rendered unconscious and removed in that state to the Mountainside Hospital, where he remained for approximately sixteen days. Thereafter, he was removed to his home and underwent a course of treatment by the physicians of the respondent for the injuries sustained. Included in the treatment, as aforesaid, he was admitted to the Newark Eye and Ear Infirmary, where he was operated upon in an endeavor to regenerate the facial nerves which had been severed in the accident. Thereafter, the petitioner continued under the treatment of the respondent's physicians for a considerable period of time. It appears without controversy that the period of temporary disability extended from August 2d, 1938, to January 1st, 1939, inclusive, or a period of twenty-one and six-sevenths weeks, for which the petitioner is entitled to and has been paid temporary compensation, at the rate of $14.10 per week, petitioner having received full wages from July 5th, 1938, to August 2d, 1938.

The respondent contends that the accident did not arise out of and in the course of the petitioner's employment, inasmuch as he was assigned by the chief of police to do special traffic duty or detail under the supervision of the borough mayor and since the mayor did not give him any specific orders to accompany the rescue squad responding to an emergency call on the day in question, he was therefore without the scope of his employment when the accident occurred.

The testimony adduced shows that the rescue squad, although it was a private corporation, was maintained entirely by firemen employed by the borough of Verona and whose function and duty it was to answer all calls of citizens and inhabitants in cases of human emergency and the rendition of succor or aid to the sick or injured. It is significant that the borough made an annual appropriation to help defer the expenses and maintenance of the rescue squad and its work, and moreover, provided free garage facilities for the ambulance or truck of the squad in the borough firehouse. Moreover, the members of the police department, as appears from *Exhibit P-1,* had been ordered by the chief of police to call

the rescue squad on all accidents where there is personal injuries, "as soon as it is reasonably possible to call the rescue squad." There is no question or doubt that the duties of, and the services rendered by the rescue squad, were so closely interwoven with the safety and welfare of the public, that its activities could only be classified as part of the municipal function of the borough as distinguished from the activity of a private independent corporation.

The rules and regulations which govern the conduct of the petitioner, as well as all other members of the police force of the respondent borough, provide, *inter alia:*

"3: Members of the force should understand that these Rules and Regulations are not intended to cover every case which may arise in the discharge of their duty. *Something necessarily must be left to the intelligence and discretion of the individual."* (Italics supplied.)

It is evident that the petitioner, in responding to the call of the rescue squad to answer an emergency, was engaged in the performance of a public act which was required of this police officer as part of the duties for which he was engaged. By the very rules and regulations of the police department he was clothed with the authority to use his intelligence and discretion in determining what his course of conduct should be in such an emergency. It is evident that the petitioner, in accompanying the rescue squad on an emergency call, was engaged in the performance of a duty which was required of this police officer. Here, an emergency was found to exist where human life or safety was at stake, and notwithstanding the assignment of the petitioner to traffic duty, it cannot reasonably be said that he was thereby prohibited from performing any of the other acts or functions required of a police officer in the ordinary course of his duties. To suggest that before responding to such an emergency, he would be required to obtain the mayor's permission so to do, is untenable. Assuming that while in the performance of his duties on the traffic detail, he witnessed robbery or other breach of the law and thereupon gave pursuit to the offenders, and in so doing was injured, it could not be seriously urged that this police officer had deviated from his course of duty simply because he

failed to obtain the mayor's consent to pursue and apprehend a criminal. The position taken by the respondent in this regard is untenable and clearly contrary to the commonly accepted conception of the scope of police duties. I therefore find and determine that the petitioner, in responding to and accompanying the emergency call upon which the rescue squad was engaged, did not deviate from the scope of his employment and that the accident which he suffered on July 5th, 1938, arose out of and in the course of his employment with the respondent.

\*　　\*　　\*　　\*　　\*　　\*　　\*

From a consideration of the medical testimony adduced and by my observations of the petitioner in court and on the stand, I find and determine that the petitioner has suffered a disability which I fix at twenty-five per cent. of partial permanent total disability.　\*　\*　\*

The reasonable cost of hospitalization, medical and surgical services furnished to the petitioner, are properly chargeable to the respondent.　\*　\*　\*

It is therefore　\*　\*　\*　ordered that judgment be and same is hereby entered in favor of the petitioner, James Aiello, and against the respondents, borough of Verona and the Hartford Accident and Indemnity Co.　\*　\*　\*

JOHN C. WEGNER,
*Deputy Commissioner.*